UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03790-MWC-MBK | Date | April 27, 2026 |
|---|---|---|---|
| Title | Stephens v. Benanti | | |

| Present: The Honorable | Michael B. Kaufman, U.S. Magistrate Judge |
|---|---|

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:**    ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS SUCCESSIVE

Petitioner, Jimmie E. Stephens, is a California state prisoner, in custody at the California Heath Care Facility in Stockton, California. On April 3, 2026, Mr. Stephens filed a petition in this action pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis. Dkt. 1, 2. Generally, Mr. Stephens alleges that Respondent Benanti stole money from inmates, that Petitioner was a victim of his crime(s), and that Petitioner is entitled to restitution pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA"). Mr. Stephens also contends that he is actually innocent of the second-degree murder conviction for which he is presently serving a sentence of 35 years to life in prison.

The Court conducted a preliminary review of the Petition pursuant to Rule 4 of the Habeas Rules. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Petitioner has filed multiple petitions for habeas corpus in federal court seeking to challenge his 1991 conviction. His most recent attempt prior to this action was considered on the merits and dismissed with prejudice. *See Stephens v. Matterson*, No. 2:24-cv-02386-WDK-AJR (C.D. Cal.), Dkt. 22, 26-27. **For the reasons that follow, the Court orders Petitioner to show cause (meaning, explain in writing) why this case should not be dismissed as successive.**

In general, a habeas petitioner may not challenge legality of their detention pursuant to a state conviction "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). *See also United States v. Lopez,* 577 F.3d 1053, 1061 (9th Cir. 2009) (citing *Burton v. Stewart*, 549 U.S. 147, 152-153 (2007) (per curiam)). Such second, "or successive," habeas petitions are only permitted if the petitioner first seeks permission from the Court of Appeal and the Court of Appeal authorizes the successive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03790-MWC-MBK | Date | April 27, 2026 |
|---|---|---|---|
| Title | Stephens v. Benanti | | |

petition on certain narrow grounds. *See* 28 U.S.C. § 2244(b)(2) (listing the grounds on which a successive habeas petition may be permitted); § 2244(b)(2) (requiring the Court of Appeal to authorize a successive habeas petition). Absent such authorization, the district court lacks jurisdiction to consider the successive petition. *Burton,* 549 U.S. at 157.

This Court addressed the merits of Mr. Stephens' claims regarding his 1991 conviction and sentence when it denied a habeas petition that he filed on December 13, 1994. *See Stephen v. Prunty*, No. 2:94-cv-08341-HLH-VAP (C.D. Cal.), Dkt. 22 (Report and Recommendation), 23 (Order Accepting Magistrate Judge's Report and Recommendation), and 24 (Judgment dismissing action with prejudice). The Ninth Circuit the District Court's judgment on February 7, 1997. *Id., Dkt.* 30.

Since denying the 1994 petition on the merits, this Court has dismissed at least[1] five more habeas actions challenging the same 1991 conviction and sentence on the grounds that the petitions were successive and Petitioner has not obtained permission from the Ninth Circuit to file them. *See Stephen v. Sisto,* No. 2:09-cv-03894-R-SH (C.D. Cal.), Dkt. 4 (Memorandum Decision and Order dismissing action without prejudice as successive) and 8 (Ninth Circuit Order denying Petitioner's appeal on the ground that "the appeal is so insubstantial as to not warrant further review"); *Stephen v. Swarthout*, No. 2:11-cv-08497-R-SH (C.D. Cal.), Dkt. 3 (Memorandum Decision and Order dismissing action without prejudice as successive); *Stephen v. Chappell*, No. 2:14-cv-04059-R-SH (C.D. Cal.), Dkt. 4 (same); *Stephen v. Fox*, No. 2:18-cv-05613-R-SS (C.D. Cal.), Dkt. 9 (same); *Stephen v. Matteson*, No. 2:20-cv-09552-RGK-JC (C.D. Cal.), Dkt. 9 (order dismissing the part of the petition that challenged the 1991 conviction as successive and transferring the remainder of the petition, which challenged the execution of the sentence, to the Eastern District of California).

---

[1]    In April 1998, approximately one year after the Ninth Circuit affirmed the denial of Petitioner's 1994 Petition, Petitioner filed another habeas petition in the Central District of California that the Court appears to have dismissed as successive. *See Stephen v. Ayers*, No. 2:98-cv-KMW-VAP (C.D. Cal.), Dkt. 3 (Order denying petition on the ground that "this court has not received authorization to consider it"). However, the Court's docket does not readily reflect the substance of that petition, and the 1998 action is not essential to the Court's successiveness analysis.

In addition to the petitions denied as successive, the Court has also twice dismissed petitions challenging Petitioner's 1991 conviction and sentence as unexhausted. *See Stephen v. Prunty*, 2:94-cv-02805-WDK-JG (C.D. Cal.), Dkt. 24 (Order dismissing petition for failure to exhaust); *Stephen v. Roe*, 2:01-cv-03012-SVW-SH (C.D. Cal.), Dkt. 3012 SVW (SH) (same)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03790-MWC-MBK | Date | April 27, 2026 |
|---|---|---|---|
| Title | Stephens v. Benanti | | |

Most recently, the Court again considered the merits of Petitioner's claims in *Stephens v. Matterson*, No. 2:24-cv-02386-WDK-AJR (C.D. Cal.). The Magistrate Judge recommended dismissing Petitioner's ineffective assistance of counsel claim with prejudice. *Id.*, Dkt. 22. The District Judge issued an order accepting the findings and recommendations of the Magistrate Judge and clarified that the denial of the petition was "on the merits," (*Id.*, Dkt. 26), and entered Judgment dismissing the action with prejudice (*Id.*, Dkt. 27). The Ninth Circuit denied Petitioner's request for a Certificate of Appealability on December 29, 2025. *Id.*, Dkt. 31.

Petitioner once sought authorization to file a second or successive petition. The Ninth Circuit denied the application on July 17, 2018, stating in relevant part:

> This court has reviewed the application for permission to file a second or successive 28 U.S.C. § 2254 habeas corpus petition and accompanying documents . . . . The application fails to make a prima facie showing under 28 U.S.C. § 2244(b)(2), and is so insubstantial as to not warrant further review. Accordingly, it shall not be permitted to proceed. *See In re Thomas*, 508 F.3d 1225 (9th Cir. 2007). Application No. 18-71296 is therefore denied.

*See Stephen v. Fox,* No. 2:18-cv-05613-R-SS (C.D. Cal.), Dkt. 4 at 19 (a copy of the Ninth Circuit's order attached to Petitioner's First Amended Complaint).

Despite the Ninth Circuit's denial of Mr. Stephens' request to file a successive petition, he has continued to file petitions in this District. Here, Petitioner again has not provided any indication that he has sought, or that the Ninth Circuit has granted, authorization to proceed with a second habeas petition challenging the same state court judgment as a previously-dismissed petitions. Accordingly, it appears that the Petition is subject to dismissal as improperly successive.

The Court also observes that Petitioner's claims that he is entitled to restitution under the MVRA as a victim of Respondent's theft crimes do not appear to be cognizable on habeas review. A district court may entertain a petition for writ of habeas corpus filed by a person in state custody only on the ground that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). On its face, the Petition alleges causes of action based on acts committed by Respondent Benanti that are wholly unrelated to Petitioner's 1991 conviction or the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03790-MWC-MBK | Date | April 27, 2026 |
|---|---|---|---|
| Title | Stephens v. Benanti | | |

legality of his current incarceration. It therefore does not appear that the Court can consider these claims on habeas review. *Estelle*, 502 U.S. at 68.

Before recommending dismissal of the claims, the Court will provide Petitioner an opportunity to explain why this action should not be dismissed as successive and for failure to state cognizable habeas claims. **Petitioner is ORDERED to file a response to explain why his Petition should not be deemed successive, or demonstrate that he has sought and obtained leave from the Ninth Circuit to file a successive petition in the district court under Section 2244(3)(A), and why his claims are cognizable in habeas. Petitioner shall file his response by no later than May 23, 2026.**

**Petitioner is warned that failure to file a timely response may result in a recommendation that the action be dismissed with prejudice for failure to prosecute the case pursuant to Federal Rule of Civil Procedure 41(b).**

\*\*\*

Petitioner is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these requirements may be returned to Petitioner without filing and will not be considered by the Court**.

1. All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA 90012." No documents or letters should ever be sent to the judge or the judge's staff.

2. Each document must include the title and case number (including judges' initials). Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only. No document may exceed 25 pages in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

3. Petitioner must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and copy should be mailed in a single envelope. Petitioner should keep a copy of any document sent to the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03790-MWC-MBK | Date | April 27, 2026 |
|---|---|---|---|
| Title | Stephens v. Benanti | | |

4. After any Respondent has filed an appearance in this action, Petitioner must file any future document with the Court and serve it on Respondent(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Petitioner <u>must</u> attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

5. At the top of the first page of any document sent to the Court, Petitioner must give their name and mailing address, including prisoner number (if applicable), other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Petitioner's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Petitioner fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

*Failure of a pro se Party to Keep Court Apprised of Current Address: A* **party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se Petitioner at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.**

**IT IS SO ORDERED.**